UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICK HORSMAN and
HORSMAN HOLDINGS LLC,

    Plaintiffs,

v.                                      Case No.:   2:23-cv-1205-SPC-KCD

MICHAEL COONEY and NELSON
JOSEPH COONEY, JR.,

    Defendants.
_____/

# ORDER

    This case stems from a fractured business relationship between Plaintiff Patrick Horsman and Defendants Michael and Nelson Cooney (collectively "Defendants"). For years, the parties ran a successful investment firm. When the relationship soured because of an investor complaint against Horsman, Defendants voted him out. Horsman's interest in the investment firm was held through a separate entity—Horsman Holdings LLC. Claiming Defendants had no right to remove him from the investment firm, he now sues on behalf of himself and Horsman Holdings. (*See* Doc. 29.)

    Defendants have moved to compel arbitration and dismiss the complaint. (Docs. 32, 33.)[1] They also seek to stay discovery until these dispositive motions

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

are decided. (Doc. 34.) Horsman, in turn, has moved to compel answers to discovery he served. (Doc. 39.)

We start with the motion to stay since a ruling in Defendants favor could render the discovery motion moot. Courts maintain discretion in regulating discovery. *See Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990). In exercising this discretion, the federal rules allow a stay pending resolution of a motion to compel arbitration. *See, e.g., McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). "[C]ourts have routinely stayed discovery into the underlying merits of the case when a motion to compel arbitration has been filed in good faith." *Johnson v. Whaleco, Inc.*, No. 5:23-CV-403-GAP-PRL, 2023 WL 6292691, at *1 (M.D. Fla. Sept. 27, 2023).

Upon review, the Court finds Defendants' motion to compel arbitration travels in good faith. It is undisputed that the parties' agreement forming the investment firm contains a broad arbitration clause that would seemingly cover this dispute. (Doc. 34 at 2.) Although the facts are complicated by a subsequent contract that does not contain an arbitration clause, Defendants have a colorable argument that Horsman's claims have their genesis in the original agreement. (*Id.* at 2-3.) While Defendants may not ultimately prevail, their position is meritorious enough to suspend discovery. *See Parsons v. Advanced Call Ctr. Techs., LLC*, No. 17-14436-CIV, 2018 WL 11458650, at *1 (S.D. Fla. Apr. 13, 2018) ("If the motion to compel arbitration is well taken and

granted, Plaintiff should not, in the interim, have the benefit of discovery procedures which might not be available to him in the arbitration forum.").

Engaging in discovery before a ruling on the pending motion to compel arbitration would force Defendants to engage in litigation proceedings that they claim were contracted away. This is also a relatively complicated case, so merits discovery could be expensive and time consuming. And if the motion to compel arbitration is granted, the need for discovery will be eliminated. Finally, Horsman has not shown he will be harmed by the temporary stay. All these factors support halting discovery. *Cf. Shireman v. Tracker Marine, LLC*, No. 3:18-CV-740-J-34MCR, 2018 WL 11482799, at *2 (M.D. Fla. Nov. 30, 2018) ("Allowing discovery to proceed in a case that may be subject to arbitration could frustrate one of the purposes underlying arbitration, namely, the inexpensive and expedient resolution of disputes and the easing of court congestion.").

The Court will make one exception to the stay. Defendants' motion to dismiss has a personal jurisdiction component. Nelson Cooney argues he lacks sufficient contacts with Florida to trigger its long-arm statute. (Doc. 33.) The Court will allow Horsman to serve jurisdictional discovery on Nelson Cooney to establish his contacts (or lack thereof) with Florida. This limited discovery is necessary for Horsman to respond fairly to the pending motion. *See, e.g.*, *Coneff v. AT & T Corp.*, No. C06-0944RSM, 2007 WL 738612, at *2 (W.D. Wash.

Mar. 9, 2007) (staying merits discovery pending resolution of a motion to compel arbitration but allowing discovery on a threshold issue necessary for the opposing party to respond). Horsman must serve any jurisdictional discovery within seven days of this order. And Horsman's response to the pending motion to dismiss is extended to June 24, 2024, to allow for review of any discovery responses.

Because discovery will be stayed pending a decision on arbitration, the Court denies Horsman's motion to compel without prejudice. Horsman will be given adequate time to renew his motion if arbitration is denied and Defendants remain noncompliant with discovery. Finally, the Court will issue a new scheduling order should the stay interfere with the current deadlines.

Accordingly, it is now **ORDERED:**

1.    Defendants' Motion to Stay (Doc. 34) is **GRANTED IN PART AND DENIED IN PART** as set forth above;

2.    The Clerk is directed to add a stay flag to this case;

3.    Plaintiffs' Motion to Compel (Doc. 39) is **DENIED WITHOUT PREJUDICE**;

4.    Plaintiffs' Motion for Extension of Time (Doc. 37) is **GRANTED**. Plaintiffs must respond to the pending motion to dismiss (Doc. 33) on or before June 24, 2024.

**ENTERED** in Fort Myers, Florida on May 21, 2024.

*[signature]*
Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record