UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICK HORSMAN, HORSMAN HOLDINGS LLC,

    Plaintiffs,

v.

Case No. 2:23-CV-01205-SPC-KCD

MICHAEL COONEY, BLUE SAND CAPITAL, LLC, BLUE SAND SECURITIES, LLC,

    Defendants,

/

# ORDER

Plaintiff Patrick Horsman sues to recover his interest in an investment firm he co-founded with Defendant Michael Cooney. (*See* Doc. 50.)[1] The Court had stayed the case to address whether it should be sent to arbitration. (Doc. 41.) Along with the stay, the Court denied Horsman's motion to compel discovery. (*Id.* at 4.) With the stay now lifted and the case proceeding here (Doc. 47), Horsman has renewed the motion to compel (Doc. 51). For the reasons below, the motion is **GRANTED IN PART AND DENIED IN PART**.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

Horsman served interrogatories and document requests not long after discovery opened. (Docs. 39-2, 39-3, 39-4.) Cooney responded to each with the same objection:

> M. Cooney objects to this and each of Plaintiff's discovery requests on the basis that Plaintiff is not entitled to pursue discovery pending resolution of Defendant Michael Cooney's Motion to Compel Arbitration or Dismiss Complaint (ECF 32), Defendant Nelson Joseph Cooney, Jr.'s Motion to Dismiss (ECF 33) and Defendants' Motion to Stay Discovery Pending Rulings on Motions to Compel Arbitration or Dismiss First Amended Complaint (ECF 34)(collectively the "Motions"), which are incorporated by reference in full. See caselaw cited in the Motions, including, but not limited to, *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740, 143 S.Ct. 1915, 1919 (2023) ("The sole question before this Court is whether a district court must stay its proceedings while the interlocutory appeal on arbitrability is ongoing. The answer is yes."). The Coinbase reasoning requires a district court stay discovery pending resolution of any motion to compel arbitration filed in good faith. *See, Foundation Church Inc. v. Independent Specialty Ins. Co.*, Case No. 8:23-cv-2847, 2024 WL 555863 (M.D. Fla. January 4, 2024). This is consistent with long standing Middle District of Florida precedent. *See, Morat v. Cingular Wireless, LLC*, Case No. 3:07-cv-1057, 2008 WL 11336388 (M.D. Fla. Feb. 14, 2009) ("courts have routinely stayed discovery into the underlying merits of the case when a motion to compel arbitration has been filed in good faith"). M. Cooney reserves the right to respond and object to all discovery requests in the event the Motions are denied and should such denial be affirmed on appeal.

(Docs. 39-7, 39-8, 39-9.)

Given the Court has denied Cooney's request for arbitration, the only objection raised to answering the discovery is now moot. Consequently, Cooney must respond to the discovery requests.

Horsman also asks the Court to find that Cooney "waiv[ed] all [other] substantive objections" by failing to include them in his initial discovery responses. (Doc. 39 at 14.) The Court declines to address waiver at this time because Cooney has not yet asserted any further objections. Horsman can file a new motion should Cooney continue to resist the discovery requests.

Finally, Horsman asks for "reasonable attorneys' fees" under Fed. R. Civ. P. 37(a)(5). (Doc. 39 at 15-16.) If a motion to compel is granted, "the court must . . . require the party [whose] conduct necessitated the motion" to pay the reasonable expenses, including attorney's fees, caused by the failure. Fed. R. Civ. P. 37(a)(5)(A). These sanctions are self-executing. The court must award expenses when a motion to compel prevails. *KePRO Acquisitions, Inc. v. Analytics Holdings, LLC*, No. 3:19-CV-00842-SRW, 2021 WL 6883475, at *2 (M.D. Ala. Mar. 22, 2021); *see also Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir. 1993).

Rule 37 does have a safe-harbor provision. The court need not order sanctions if the disobedient party's conduct was "substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). The burden of avoiding sanctions rests on the non-movant. *See,*

*e.g.*, *Eichmuller v. Sarasota Cnty. Gov't*, No. 8:20-CV-47-T-33SPF, 2020 WL 10318567, at *1 (M.D. Fla. July 20, 2020); *Arugu v. City of Plantation*, No. 09-61618-CIV, 2010 WL 11520180, at *2 (S.D. Fla. May 4, 2010).

The Court will not award sanctions because Cooney's objections were substantially justified. The case was stayed and discovery halted until the arbitration motion was resolved. (Doc. 41.) In other words, the Court agreed that Cooney should not have to answer discovery until the correct forum was decided. *See Maddow v. Procter & Gamble Co.*, 107 F.3d 846, 853 (11th Cir. 1997) ("Substantially justified means that reasonable people could differ as to the appropriateness of the contested action.").

One last issue. Horsman's motion also seeks discovery from Nelson Cooney. (Doc. 39.) But Nelson Cooney is no longer a party to the case. (Doc. 50.) So he cannot be compelled to answer interrogatories or document requests. *See Lewis v. Lowes Home Centers LLC*, No. 1:23-CV-8 (LAG), 2023 WL 10947360, at *4 (M.D. Ga. Oct. 24, 2023); *Adebiyi v. City of Riverdale, Georgia*, No. 1:09-CV-0025-RWS-JFK, 2010 WL 11493740, at *1 (N.D. Ga. Mar. 12, 2010); *see also Credit Suisse Sec. (USA) LLC v. Nash*, No. 14-80392-CV, 2014 WL 12585650, at *1 (S.D. Fla. Oct. 3, 2014) ("The appropriate procedure to compel a non-party to produce documents is to serve the non-party with a subpoena as set forth in Rule 45.").

Accordingly, it is now **ORDERED**:

1. Plaintiff Patrick Horsman's Motion to Compel (Doc. 39, Doc. 51) is **GRANTED** as to Michael Cooney, who must respond to the outstanding discovery requests on or before November 5, 2024;

2. Plaintiff's request for expenses under Rule 37 is **DENIED**; and

3. Plaintiff's request to compel discovery from non-party Nelson Cooney is **DENIED**.

**ENTERED** in Fort Myers, Florida on October 16, 2024.

Kyle C. Dudek
United States Magistrate Judge